IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Senaqu Thomas (K-83633), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 0306 |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| Saleh Obaisi, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant Dr. Obaisi's motion to dismiss [28] is denied. Defendant shall answer the complaint by 6/1/2016. Plaintiff's request for counsel [43] is denied without prejudice to renewal later in this case.

**STATEMENT**

Plaintiff Senaqu Thomas, an Illinois prisoner confined at Stateville Correctional Center, brought this *pro se* civil rights action under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. Plaintiff alleges that he has suffered from jock itch for years. (Dkt. No. 16, ¶ 12, 33.) He was prescribed selenium sulfide, which was to be applied 30 minutes prior to showering and then rinsed off in the shower. (*Id*. ¶ 24.) Plaintiff consistently was not taken for his shower in time to wash of the medication, which resulted in "chemical burns" that were "painful," as well as "burning and blistering on his testicles," making them "raw and painful." (*Id*. ¶¶ 24-26.)

Plaintiff thereafter saw Dr. Obaisi on May 9, 2013. (*Id*. ¶ 26.) Dr. Obaisi saw the effects the Plaintiff endured from not being able to promptly rinse the medication off, but he refused to issue Plaintiff a shower permit, saying that the warden had told him not to issue shower permits. (*Id*. ¶ 28.) Dr. Obaisi again prescribed the selenium sulfide to Plaintiff. (*Id*. ¶ 29.) Dr. Obaisi ultimately renewed Plaintiff's shower permit on May 29, 2013, through July 15, 2013, but he did not promptly cause it to be renewed upon its expiration. (*Id*. ¶¶ 30-31.) Plaintiff was finally scheduled to see Dr. Obaisi weeks later, on July 31, 2013, but the doctor was overbooked and did not see him. (*Id*. ¶ 31.) A nurse said his prescription and shower permit would be renewed, but Plaintiff did not receive either and ultimately filed a grievance. (*Id*. ¶ 32.) Dr. Obaisi allowed Plaintiff's medication and shower permits to lapse on several other occasions. (*Id*. ¶ 33.)

On October 23, 2015, the court screened Plaintiff's complaint and permitted him to proceed on claims of deliberate indifference to Plaintiff's serious medical needs. (Dkt. 14.) The Court acknowledged that, generally, "jock itch does not constitute an objectively serious medical need under the deliberate indifference analysis," but found that Plaintiff had alleged more than mere jock itch—that his adverse reaction to the jock itch medication had led to burns and blisters

on top of the rash, elevating it to a potentially more serious medical condition. (*Id*. at 2.) The Court assumed that the alleged chemical burns and blisters in addition to the rash stated a serious medical condition for the purpose of the deliberate indifference analysis. (*Id*.) The Court moreover found that Plaintiff sufficiently alleged that Dr. Obaisi was deliberately indifferent in refusing or failing to renew Plaintiff's shower permits when he knew that the medication he prescribed caused chemical burns and blisters if not rinsed as directed in the shower. (*Id*. at 3.)

Before the Court is Defendant Obaisi's motion to dismiss Plaintiff's claims against him, pursuant to Federal Rule of Civil Procedure 12(b)(6). In resolving the motion to dismiss, the Court uses the same standard it used in screening the complaint, *see Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011), and will consider any additional factual allegations in Plaintiff's response, where consistent with the factual content of the complaint. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015).

Defendant first argues that "Plaintiff's alleged injuries ('jock itch,' rash, irritation) are the types of ailments for which many people who are not in prison do not seek medical attention," and therefore that those ailments "do not meet the objective standard for an Eighth Amendment claim for deliberate indifference to a serious medical need." (Doc. 29 at 4.) For this argument, Defendant relies upon *Smith v. Schwartz*, No. 10-721-GPM, 2011 WL 2115831, *2, *3 (S.D. Ill. May 26, 2011), which held that "itching, athlete's foot, chafing, peeling skin, and a painful, infected rash on his buttocks" due to an inability to shower during a prison lockdown did not state a federal claim. Unlike Smith, however, Plaintiff here contends not just that missed showers caused him discomfort, but that he developed chemical burns and blisters from an inability to follow a prescription medication's directions for removal. Defendant's argument fails to account for the difference between this case and *Smith*. *See Hutcherson v. Moore*, No. 10 C 6215, 2013 WL 5165724, at *2-3 (N.D. Ill. Sept. 13, 2013) (citing cases and holding that allegations of progression of jock itch into bacterial infection requiring additional treatment sufficiently stated claim, whether or not Plaintiff ultimately would be able to prove his claims). Accepting, as the Court must, all of Plaintiff's allegations as true and viewing them in the light most favorable to him, the Court reiterates that Plaintiff is, at the very least, entitled to an inference that his chemical burns and blisters were a serious medical need.

Defendant next argues that Plaintiff has not sufficiently alleged Defendant's deliberate indifference to his serious medical needs. Specifically, Defendant contends that Plaintiff has pleaded himself out of court by alleging that Defendant, in refusing Plaintiff's request for a shower permit on one occasion, told Plaintiff he did so because the warden had told him not to issue shower permits. (Dkt. 29 at 7.) Defendant suggests that merely failing to "act in contravention to the warden's instructions" is insufficient to allege deliberate indifference. (*Id*. at 7, 8.) Defendant then contends that all blame is due to Plaintiff using the product knowing that he would not be able to shower; after all, Defendants argues, Plaintiff "fails to allege that Dr. Obaisi knew that Plaintiff would still use the product even though he didn't have access to a shower" or that "Dr. Obaisi ordered Plaintiff to use the product even though he could not access a shower." (*Id*. at 7.)

2

Defendant's argument fails to accept all of Plaintiff's factual allegations as true and view them in the light most favorable to Plaintiff. The record at this early stage does not establish that Defendant could not have asked for an exception to any alleged no-shower-permit edict due to serious medical needs of a prisoner. Defendant also sidesteps Plaintiff's specific allegation that Defendant continued to prescribe the medication, rather than some other form of treatment, while refusing to give Plaintiff a shower permit. (Dkt. No. 16, ¶¶ 28-29; Dkt. 43, at 1-2.) Although a more complete record may show that Defendant's course of treatment was not constitutionally deficient, dismissal of this claim against Defendant is not appropriate at this time.

The Court next addresses Plaintiff's request for counsel, in which he emphasizes that his education did not continue after "very little high school." (Dkt. 43, at 2.) Plaintiff's request for attorney representation is denied without prejudice.

Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503F.3d at 655-56.

After considering the above factors, the Court concludes that solicitation of counsel for Plaintiff is not currently warranted. Here, Plaintiff has previously indicated that he attempted to retain counsel on his own, contacting four law firms or clinics seeking representation in this case. (Dkt. 9.) Plaintiff is encouraged to continue these efforts to seek counsel. Although Plaintiff is not as educated as some *pro se* litigants, Plaintiff appears to be literate, and his submissions remain well-organized and coherent, surpassing those of many such litigants. Plaintiff has demonstrated

3

an ability to understand and respond as directed in Court orders. Plaintiff, moreover, has successfully survived this motion to dismiss, based upon his own allegations and explanations. More importantly, this case is in an early stage. Plaintiff has not articulated any reason why he is unable to proceed with this case on his own at this early stage, and he seems fully competent to do so. The Court notes that it gives *pro s*e litigants like Plaintiff wide latitude in the handling of their lawsuits. Plaintiff's request for counsel is denied without prejudice to renewal as this case progresses.

May 6, 2016

_____
United States District Judge